UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SERENITY LAKE SENIOR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:25-CV-115-PPS-APR |
| | ) |
| SNOWLAKE CAPITAL, LLC, | ) |
| SNOWLAKE GROUP, LLC, and | ) |
| CHICAGO TITLE COMPANY, LLC, | ) |
| | |
| Defendants. | |

**<u>OPINION AND ORDER</u>**

Following the entry of default, Plaintiff Serenity Lake Senior, LLC ("Serenity" or "Plaintiff"), now seeks default judgment against two defendants, Snowlake Capital, LLC and Snowlake Group, LLC (together, "Snowlake Defendants"). [DE 16]. For the reasons discussed below, I will defer entry of a default judgment and set a hearing for the purpose of making a damages determination.

Plaintiff brings this lawsuit alleging a breach of contract related to the purchase of the Serenity Lake Senior Living Facility. Serenity and the Snowlake Defendants entered a contract for the purchase of Serenity Lake Senior Living, located at 5601 Melton Road in Gary, IN for the price of $4,000,000. [DE 1 at 2]; [DE 2-1]. The contract required the Snowlake Defendants to make a $60,000 earnest money deposit with defendant Chicago Title Company, LLC ("Title Company"). [DE 1 at 2]. In March 2024, the Title Company provided the parties with a receipt showing that the $60,000 earnest

money deposit had been made. [*See* DE 2-2]. In September 2024, Serenity contacted the Snowlake Defendants and the Title Company to inform them of the Snowlake Defendants' failure to complete the purchase of the property as agreed in the contract. [DE 2-3]. As a result of the breach, Serenity also requested $30,000 of the earnest money as laid out in the contract. [*Id.*] In February 2025, the Title Company informed Serenity that it never received $60,000 in earnest money from the Snowlake Defendants and that Serenity's account was credited due to an error. [DE 2-4]. Plaintiffs also state that the Snowlake Defendants have a picture of the Serenity Lake Senior Living Facility on their website fraudulently representing that the facility is part of their portfolio. [DE 1 at 3]. Plaintiffs have filed this suit bringing Breach of Contract and Detrimental Reliance claims against the Snowlake Defendants in Counts I and II and Negligent Misrepresentation and Fraudulent Misrepresentation claims against the Title Company in Counts III and IV. [DE 1 at 3-7].

This case was filed on March 11, 2025. [DE 1]. On March 18, 2025, the summons was returned executed for both Snowlake Defendants and the Title Company. [DE 6; DE 7; DE 8]. On March 17, 2025, service for Snowlake Capital, LLC was made to Republic Registered Agents, LLC who is designated to accept service for Snowlake Capital, LLC. [DE 6]. On March 17, 2025, service for Snowlake Group, LLC was made to Michael R. Brancheau who is designated to accept service for Snowlake Group. [DE 8]. On March 17, 2025, service for Chicago Title Company, LLC was made to CT

2

Corporation System the registered agent designated to accept service for Chicago Title. [DE 7].

The Title Company filed an appearance in the case on April 1, 2025, and filed an answer to Plaintiff's complaint on April 7, 2025. [DE 9; DE 12]. Despite service being effectuated nearly three months ago, the Snowlake Defendants have never responded to this lawsuit and no attorney has entered an appearance on their behalf. Plaintiff has applied for a Clerk's Entry of Default as to the Snowlake Defendants and the Clerk has granted default against both defendants. [DE 14; DE 15]. On April 17, 2025, Plaintiff filed a Motion for Default Judgment requesting I grant a default judgment in favor of Serenity and schedule a hearing to determine the amount of damages to be awarded. [DE 16].

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments and involves two stages: establishing "default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *VLM Food Trading Int'l, Inc..*, 811 F.3d at 255. Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). As I've explained, that has all occurred.

A default judgment establishes, as a matter of law, that the defendants are liable to the plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d

886, 892 (7th Cir. 2012). An entry of default judgment, however, is not mandatory simply because a party doesn't appear, it is still a matter of discretion for the district court judge. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). In exercising that discretion, I consider a number of factors, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. *See* Wright & Miller 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed.). But all well-pleaded facts in the complaint are taken as true for purposes of liability. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

Because I take the well pleaded allegations of the complaint as true, I will assume that the allegations regarding the Snowlake Defendants' failure to comply with the terms of the contract are true. The Plaintiff has also filed documents supporting their allegations. Plaintiff has filed on the docket its contract with the Snowlake Defendants, the earnest money deposit receipt Plaintiff received from the Title Company, Plaintiff's letter informing the Snowlake Defendants and the Title Company of Snowlake's failure to perform the contract, email correspondence from the Title Company stating that an earnest money deposit was never received, and a brochure from the Snowlake Defendants which supposedly shows the Serenity Lake Senior Living Facility as part of its portfolio. [*See* DE 2-1; DE 2-2; DE 2-3; DE 2-4; DE 2-5].

Plaintiff has not attempted to show damages and has instead requested the Court schedule a hearing to determine the amount of damages to be awarded to Plaintiff.

4

While the Snowlake Defendants' liability is established from the well-pleaded allegations of Plaintiff's complaint, the Plaintiff must still show entitlement to the amount of damages sought. *United States v. Mock*, 2022 WL 2195386, at *1 (N.D. Ind. Feb. 9, 2022) ("An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits."). Considering this, I will defer entering default judgment until a hearing on damages has been held. *Am. Com. Barge Line LLC v. IWC Oil & Refinery, LLC*, 2025 WL 814932, at *3 (S.D. Ind. Mar. 14, 2025) (explaining that judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits).

**ACCORDINGLY**:

Plaintiff's Motion for Default Judgment [DE 16] is **GRANTED IN PART**. Default Judgment is **GRANTED** in favor of Serenity Lake Senior, LLC and against the Snowlake Defendants as to liability. A determination on damages is **TAKEN UNDER ADVISEMENT** until the Court holds a hearing to determine damages. An **IN-PERSON** damages hearing is set for **Tuesday, June 24, 2025, at 11:00am Hammond/Central Time** before the undersigned. The Clerk is **DIRECTED** to refrain from entering judgment until that hearing is held.

**SO ORDERED**.

ENTERED: June 11, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT