UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SERENITY LAKE SENIOR, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SNOWLAKE CAPITAL, LLC, )<br>SNOWLAKE GROUP, LLC, and )<br>CHICAGO TITLE COMPANY, LLC, )<br>)<br>Defendants. | Cause No. 2:25-CV-115-PPS-APR |

**OPINION AND ORDER**

Following the entry of default, Plaintiff Serenity Lake Senior, LLC sought default judgment against two defendants, Snowlake Capital, LLC and Snowlake Group, LLC. (For convenience sake, I will refer to them collectively as the "Snowlake Defendants"). [DE 16]. On June 11, 2025, I granted default as to liability and set a prove up hearing for the purpose of making a damages determination. [DE 21]. The damages hearing proceeded on July 22, 2025. [DE 25]. During the hearing, Plaintiff Serenity appeared by counsel and presented evidence regarding its damages. Defendant Chicago Title Company also appeared by counsel. The Snowlake Defendants did not appear at the damages hearing.

Following the hearing, Serenity and the Title Company each submitted supplemental briefing regarding the appropriate damages to be awarded. [DE 29; DE

30]. The Court has reviewed the Parties' supplemental briefing and is ready to make a damages determination.

## Legal Standard

When a defendant has defaulted and the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the plaintiff must request a default judgment, and the Court must determine the amount of damages to award the plaintiff. Fed. R. Civ. P. 55(b). Federal Rule of Civil Procedure 55 provides that the Court "may conduct hearings" when it needs to determine damages to enter or effectuate judgment. Serenity's motion for default judgment was silent as to the damages which should be awarded and requested a hearing to determine the appropriate amount. [DE 16 at 2]. As I've stated, a damages hearing was held on July 22, 2025. [DE 25].

## Discussion

The background facts underlying this case and the procedural background which led to the entry of default against the Snowlake Defendants are discussed in detail in this Court's opinion granting default judgment in favor of Serenity and against the Snowlake Defendants as to liability. [*See* DE 21]. At this point, suffice it to say, Serenity signed a deal with the Snowlake Defendants to purchase an apartment building in Gary for $4 million. The Snowlake Defendants supposedly paid $60,000 in earnest money to Chicago Title to secure the deal but then never firmed up; they reneged. Serenity then brought this action seeking damages against the Snowlake Defendants and Chicago Title.

2

During the damages hearing held on July 22, 2025, Plaintiff presented evidence related to the damages it says it should be awarded due to the Snowlake Defendants' default. Attorney Darnail Lyles, the member/owner of Serenity, provided testimony regarding the substantial amount of work required to prepare for the transaction to close before the Snowlake Defendants reneged. Serenity also presented evidence regarding the terms of the relevant contract, the costs for surveying the property, its communication with the Title Company about the earnest money, and its attorney's fees incurred during its transaction with the Snowlake Defendants as well as its attorney's fees incurred in this litigation so far. In all, Serenity provided the Court with the testimony of Attorney Lyles as well as ten exhibits to support its position on damages. The Title Company did not present any evidence at the hearing.

Following the hearing, both Serenity and the Title Company submitted supplemental briefing concerning damages. In their supplemental brief, the Title Company argues that Serenity is only entitled to $30,000 because this is the number of damages expressly provided by the contract's liquidated damages provision. [DE 29 at 1-4]. The Title Company also argues that this Court lacks subject matter jurisdiction over this diversity suit because the amount in controversy does not exceed $75,000. [*Id.* at 6-8]. I'll begin by addressing the jurisdictional issue.

Federal jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). *See also*, *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 (7th Cir. 2021). As laid out in the complaint,

3

Plaintiff is a citizen of the state of Indiana, the Snowlake Defendants are both citizens of the state of Illinois, and the Title Company is a citizen of the state of Delaware. [DE 1 at 1-2]. The Title Company does not argue against diversity of citizenship, only that the amount in controversy has not been met. [DE 29 at 6]. The amount in controversy is determined only at the time the complaint is filed. *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) ("It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed."). In the complaint, Plaintiff states "[a]s a result of Defendants' actions, Plaintiff has incurred damages in excess of $75,000." [DE 1 at 3].

Arguing that the jurisdictional floor has not been met, the Title Company directs the Court to the liquidated damages provision of the contract and an addendum to the contract arguing these provisions show that Serenity was only entitled to recover $30,000 of the earnest money and not the full $60,000 earnest money deposit ("EMD"). [DE 29 at 3]. In response, Serenity points to the same liquidated damages provision stating that the provision shows that it was entitled to the full EMD if the Snowlake Defendants breached the contract. [DE 30 at 3-4]. This shows that, based on the record, there is a reasonable dispute as to whether Serenity is entitled to the full $60,000 EMD. What's more, Serenity also brought a claim for Fraudulent Misrepresentation (Count IV) against the Title Company as a well as an equitable claim for promissory estoppel or detrimental reliance. They allege that after they got the offer from the Snowlake Defendants, Serenity took the property off the market causing additional damages.

4

Should Serenity recover any amount for Fraudulent Misrepresentation, it would also be entitled to its reasonable attorney's fees. [DE 30 at 3]; Ind. Code § 26-1-2-721. Moreover, the Court notes that the contract lists the purchase price for the property at issue as $4,000,000. [DE 2-1 at 2].

When considering Serenity's claims against the Snowlake Defendants, its claims against the Title Company, and the value of the contract at issue, Serenity's assertion that there is more than $75,000 in dispute in this litigation was not made in bad faith. *Sykes v. Cook Inc.*, 72 F.4th 195, 207 (7th Cir. 2023) (explaining that the purpose of examining the record is limited to determining whether the plaintiff could have alleged, in good faith, that the requisite amount was in controversy on the date that the suit was filed). The fact that Serenity may not ultimately be able to recover the jurisdictional floor does not show bad faith or oust this Court's jurisdiction. *Resnick v. Gibralter Fin. Corp.*, 2012 WL 4358841, at *2 (S.D. Ind. Sept. 21, 2012); *Smith v. Sprint Commc'ns Co., L.P.*, 2003 WL 164230, at *3 (N.D. Ill. Jan. 23, 2003). The Title Company's request for dismissal of this case for lack of subject matter jurisdiction is denied.

Turning to the number of damages to be awarded, Chicago Title argues that Serenity's contract with the Snowlake Defendants contains a liquidated damages provisions which expressly limits Serenity from recovering more than $30,000 of the EMD. [DE 29 at 1-4]. The relevant provision is as follows:

> **E. Disposition of Earnest Money**. In the event of any default by either Party, Escrowee may not distribute the Earnest Money without the joint written direction of Seller and Buyer or their authorized agents . . . **In the**

5

> **event of default by Buyer, the Earnest Money, less expenses and commission of the listing broker, shall be paid to Seller**. If Seller defaults, the Earnest Money, at the option of Buyer, shall be refunded to Buyer, but such refunding shall not release Seller from the obligations of this Contract.

[Hrg., Ex. 2]; (emphasis added). [*See also*, DE 2-1 at 5].

Under this contract, Serenity was the Seller, and the Snowlake Defendants were the Buyer. [DE 2-1 at 4]. The liquidated damages provision included in the contract is valid as, absent the provision, it would be difficult to ascertain the damages Serenity should be awarded due to the Snowlake Defendants' failure to purchase the $4,000,000 property as agreed. *See, e.g.*, *Pinnacle Healthcare, LLC v. Sheets*, 17 N.E.3d 947, 954 (Ind. Ct. App. 2014) ("Liquidated damages provisions are generally enforceable where the nature of the agreement is such that when a breach occurs the resulting damages would be uncertain and difficult to ascertain."); *Corvee, Inc. v. French*, 943 N.E.2d 844, 847 (Ind. Ct. App. 2011) (same).

The Title Company argues that "the Addendum limits the non-refundable amount to $30,000." [DE 29 at 3]. The Addendum provides in relevant part:

> Buyer and Seller agree that thirty thousand dollars ($30,000) of the total sixty-thousand dollars ($60,000) of earnest money will become non-refundable at the expiration of the twenty-two (22) Business Day inspection contingency.

[Hrg., Ex. 2 at 5; DE 2-1 at 6].

The Title Company is correct that the Addendum limits the non-refundable amount of the EMD to $30,000 but is incorrect that this addition modifies the liquidated damages provision discussing default. The addendum does not mention default at all

6

and only states that half of the EMD will become non-refundable at the expiration of the twenty-two (22) Business Day inspection contingency. [Hrg., Ex. 2 at 5; DE 2-1 at 6]. The addendum does not include any language discussing default or any language evincing an intention to modify the liquidated damages provision found in Section E of the general provisions. The plain language of the liquidated damages provision states "In the event of default by Buyer, the Earnest Money, less expenses and commission of the listing broker, shall be paid to Seller." [Hrg., Ex. 2 at 4; DE 2-1 at 5]. The fact that a portion of the earnest money became non-refundable after the inspection contingency period does not change the liquidated damages provision. Once the Snowlake Defendants defaulted, they were on the hook to pay Serenity the earnest money.

When the terms of a contract are drafted in clear and unambiguous language, courts apply the plain and ordinary meaning of that language and enforce the contract accordingly. *Collins v. Univ. of Notre Dame Du Lac*, 929 F.3d 830, 840 (7th Cir. 2019); *Wohlt v. Wohlt*, 245 N.E.3d 611, 616 (Ind. 2024). *See also*, *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 875 (7th Cir. 2012) ("In the absence of ambiguity, a court interprets the agreement by examining solely the language of the contract."). Serenity has limited its damages request against the Snowflake Defendants to the $60,000 EMD. Because of their default, the Snowlake Defendants plainly owe Serenity that amount per the contract. [DE 2-1 at 2].

During the damages hearing, Serenity presented evidence regarding its attorney fees incurred to prepare for the transaction as well as its attorney's fees incurred during

7

this litigation. The Title Company contends that, based on the American Rule, Serenity is not entitled to recover its attorney's fees incurred prior to the contract term, during the contract term, or after the contract term for this litigation. [DE 29 at 4-5]. Serenity concedes this point stating "Plaintiff concedes that its damages for Counts I and II are limited to the liquidated damages provision of the Purchase Agreement (Hrg. Ex. 2) with the Snowlake Defendants and that Plaintiff is not entitled to attorney's fees or the surveyor's costs from the Snowlake Defendants." [DE 30 at 3]. Because the Parties agree that Serenity's attorney's fees and costs should not be awarded and that Serenity's damages are limited to the liquidated damages provision of the contract, I will not engage in an unnecessary analysis of the attorney fees Serenity has incurred or Serenity's diligence related to the contract.

**ACCORDINGLY**:

Plaintiff Serenity Lake Senior, LLC, is awarded, and the Snowlake Defendants are liable to pay $60,000.00. The Clerk is **INSTRUCTED** to **ENTER JUDGMENT**.

**SO ORDERED**

ENTERED: October 17, 2025.

                                               /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT